UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. JOHNSON,

        Petitioner,

                                             CASE NO. 15-10667
v.                                      HONORABLE VICTORIA A. ROBERTS

DUNCAN MACLAREN,

        Respondent.

_____/

**ORDER DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

Petitioner David A. Johnson, a state prisoner at Kinross Correctional Facility in
Kincheloe, Michigan, filed a *pro se* application for the writ of habeas corpus under 28
U.S.C. § 1651(a) (the All Writs Act).[1]  The petition and attachments indicate that, on
February 7, 2007, Petitioner was arraigned on criminal charges before Magistrate Judge
Renee R. McDuffee in Michigan's 36th District Court.  On June 4, 2007, Petitioner
pleaded guilty to second-degree murder, possession of a firearm by a felon, and
possession of a firearm during the commission of a felony (felony firearm), second
offense.  On June 19, 2007, the state trial court sentenced Petitioner to five years in
prison for the felony firearm conviction, one to five years in prison for the felon-in-

---

[1] Section 1651(a) reads:

    **(b)**  The Supreme Court and all courts established by Act of Congress
may issue all writs necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of law.

possession conviction, and eighteen to forty years in prison for the murder conviction.

Petitioner claims that he was not represented by counsel at his arraignment and that he did not waive his right to counsel. He asserts that Magistrate Judge McDuffee's failure to appoint counsel for him at the arraignment violated his Sixth Amendment right to counsel at a critical stage of the criminal proceedings. As a result of the lack of counsel, Petitioner claims that the state trial court lacked jurisdiction and the state court's judgment is void. He seeks immediate release from custody.

## II.  Discussion

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.' " *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).[2] "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 allows the summary dismissal of a petition if it appears that the petitioner is not entitled to relief).

The habeas petition in this case is legally insufficient for a few reasons. First, Petitioner has not alleged or otherwise demonstrated that he exhausted state remedies for his claim. "[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby

---

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, a district court may apply the rules to a habeas corpus petition that was not filed under § 2254.

affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.' " *Walker v. Martin*, 562 U.S. 307, __, 131 S. Ct. 1120, 1127 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Second, it appears that the petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Furthermore,

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.  Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

The statute governing challenges to state court convictions is 28 U.S.C. § 2254. It authorizes federal district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . ." The All Writs Act may not be "used to evade the strictures of § 2254," and  because [Petitioner] is in custody pursuant to the judgment of a state court, his request for relief is governed by § 2254." *Brennan v. Wall*, 100 F. App'x 4, 5 (1st Cir. 2004).  In other words,

> every collateral attack by a state prisoner on a final judgment of conviction necessarily depends on § 2254.  It is not possible to escape its limitations by citing some other statute . . . .   Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies.

*Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000).

### III.  Conclusion

The All Writs Act is not a proper mechanism for Petitioner's challenge to the

3

constitutionality of his state conviction.  It further appears that Petitioner has not exhausted state remedies for his claim and that his claim is barred by the statute of limitations.  Accordingly, the habeas corpus petition is summarily dismissed without prejudice.

## IV.  Regarding a Certificate of Appealability

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that claim deserves encouragement to proceed further.  The Court therefore declines to issue a certificate of appealability.  But because an appeal could be taken in good faith, the Court grants Petitioner leave to proceed *in forma pauperis* on appeal if he appeals this decision.  28 U.S.C. § 1915(a)(3).

S/Victoria A. Roberts
Victoria A. Roberts
Dated:  April 13, 2015          United States District Judge

4

The undersigned certifies that a copy of this document was served on the attorneys of record and David Johnson by electronic means or U.S. Mail on April 13, 2015.


S/Carol A. Pinegar

Deputy Clerk